_JjGAIDRY, J.,
concurs.
Although I commend the detailed analysis and concise reasoning expressed in the concurring opinion of my learned colleague, Judge Kuhn, I must take issue with the ultimate rationale expressed: that a defendant required to be tried before a six-person jury but convicted by unanimous verdict of a twelve-person jury may not seek reversal of that conviction based upon La. Const. Art. I, § 17(A), as he has in effect been tried before a six-person jury. The result achieved, in which I concur, is better grounded on the defendant’s failure to raise the numerical composition as error on appeal, rather than a strained interpretation of a twelve-person jury as a six-person jury, or as “two six-person juries.” [1] The language of La. Const. Art. I, § 17(A) and La. C. Cr. P. art. 782(A) is mandatory and unambiguous, and if error in the number of jurors required for trial had been properly raised by |2the defendant in this appeal, the verdict must be considered null, and I would reverse the conviction and remand for a new trial.
Here, however, the defendant has not invoked the benefit of La. Const. Art. I, § 17(A), and the verdict should therefore be considered a relative nullity, since it is not the type of patent error which affects substantial rights and fundamental due process, requiring reversal. In this respect, I join in the lucid reasoning employed by Judge McDonald in his separate concurrence. While the right to trial by a jury of your peers is a fundamental due process right, the right of a defendant *895 charged with a relative felony to a trial before six jurors, rather than twelve, is not. Under the particular circumstances present here, where the defendant has not raised the numerical composition of the jury as error nor claimed prejudice by reason of it, reversal is not warranted. I respectfully concur.

. Without indulging in a full theoretical exposition, I would simply emphasize that a jury should appropriately be considered a social unit, rather than simply a mathematical construct. More jurors do not necessarily equate to more due process; due process must be considered in light of more complex and subtle factors than counting noses. For example, the defendant herein could perhaps have argued that a larger jury would tend to inhibit freer expression of each individual juror’s convictions, since many individuals are less vocal in larger groups than in smaller, more intimate ones, and that he was entitled to the benefit of the social dynamics of a six-member jury under the particular facts of this case and the language of La. Const. Art. I, § 17(A).